IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, Plaintiff, | Case No. 1:20-cv-6206 |
| v. | Judge Kness<br>Magistrate Judge Cole |
| AMERICAN SERVICE INSURANCE AGENCY LLC and BENEFYTT TECHNOLOGIES, INC., Defendants. | **Jury Trial Demanded** |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff George Moore hereby propounds the following interrogatories and production requests upon each Defendant American Service Insurance Agency, LLC and Benefytt Technologies, Inc. ("Defendant" or variations of "you"). Documents should be copied and sent to Plaintiff's counsel on the date the response is due.

## INSTRUCTIONS

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2016, to present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4. All requests are also directed to all parent, related, affiliate, and subsidiary companies of the Defendant, to the greatest extent permissible under the discovery rules. Moreover, the Defendant is to make transparent, best efforts to obtain materials from third parties such as vendors, agents, or sub-vendors or sub-agents, which are within its "possession, custody or control" as those terms appear in Fed. R. Civ. P. 34.

5. Please use the attached document production protocol for formatting document request responses. Class member and/or call data, and other structured data, should be produced in delimited text format so that it may be reviewed and manipulated in a way that maintains the integrity of the data (e.g., tables and columns).

6. For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

7. These requests shall be deemed continuing so as to require seasonable supplemental responses as Defendant or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

8. Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all documents, data or other things reviewed by Mr. Krul with regard to his declaration at ECF 16-1.

2. Produce all records of telephone calls, including outbound, inbound, transferred calls, to, from or transferred to or from **Plaintiff's Number**, during October 2018 through November 2019.

3. Produce all documents concerning George Moore, Randal Simpson, **Plaintiff's Number** or **Plaintiff's Email**.

4. Produce all contracts or agreements with any entity concerned with assisting generation of the business referred to in Exhibit A to the complaint, which were in effect from October 2018 through November 2019.

5. Produce all communications with the entity from whom the lead in Exhibit A to the complaint was received, that pertain to telemarketing.

6. Produce all Do Not Call policies that applied to the person who initiated the calls delineated in paragraphs

7. All documents that mention or concern phone number 855-787-8595.

Dated: January 6, 2021

        /s/ Alexander H. Burke
Alexander H. Burke (*pro hac vice*)
Daniel J. Marovitch (*pro hac vice*)
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

3

I hereby certify that, on January 6, 2021, I caused the foregoing to be served by electronic mail on Defendant's following counsel of record:

>Timothy Hudson
>Tabet DiVito & Rothstein LLC
>The Rookery Building
>209 South LaSalle St., 7th Floor
>Chicago, IL 60604
>(312) 371-3757 Mobile
>THudson@TDRLawFirm.com
>
>Garry W. O'Donnell, Esq.
>Greenspoon Marder
>One Boca Place
>2255 Glades Road, Suite 400-E
>Boca Raton, FL 33431
>Telephone: (561) 994-2212 ext. 1567
>garry.odonnell@gmlaw.com

                                                  */s/ Alexander H. Burke*

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

      A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

      B.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its divisions, affiliates, subsidiaries, corporate parents, successors, predecessors, present or former partners, officers, directors, employees, agents, vendors, attorneys or representatives, and all other persons or entities acting, purporting to act or authorized to act on its behalf.

      C.      "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

      D.      "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

      E.      "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

      F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. § 64.1200, and all FCC opinions and orders interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

## **DOCUMENT PRODUCTION PROTOCOL**

The following document production protocol is proffered as a guide to simplify document production, particularly cases with a potentially significant volume of electronically stored information. Plaintiff requests that the parties confer in advance of any document production.

**Load File:**

1) **.DAT file:** Load file that contains information about each document. The .DAT file should include a header row for each field, including identifiers for the beginning and end of each document. If the production includes native files, the .DAT file should also include a field for the native file path within the folder structure. *See p.4 for recommended database and metadata fields.*

2) .**OPT file:** If the production is imaged an image load file that enables eDiscovery software to display the document images should be included.

3) **TEXT folder:** This folder should contain the OCR and/or extracted text .txt files for each of the documents produced.

4) **NATIVES folder:** This folder should contain any native files included in the production.

5) **IMAGES folder:** This folder should contain the imaged production.

**The production should be de-duplicated**:

- ESI vendors utilize technology that de-duplicates electronic documents based on their MD5 hash values.
- Our preference is that the minimum number of duplicates be produced and that de-duplication be conducted globally, across custodians. De-duplication across custodian means that exact duplicates of documents held by a particular custodian, as identified by MD5 hash value, but residing with another custodian will not be produced. The parties are permitted to de-duplicate identical emails using MD5 hash technology, across custodians and to reduce/suppress e-mail thread duplicates as well. In order for an email to be suppressed as a "thread duplicate," it must be wholly contained in the later, surviving email and have all of the same recipients and attachments.

**The production should be searchable**:

- Text should be extracted from any electronic documents that contain active, searchable content including, but not limited to email, spreadsheets, databases, web pages, presentations, delimited text files or any other electronic document created by word-processing, presentation, text-editing, database applications.
- Each hard copy (i.e. paper) document should be scanned and OCRd.
- Electronic documents such as .tiff images or .pdf files that contain text that cannot be extracted should be OCRd.

**The production should be Bates labeled:**

- All imaged documents should be stamped with a Bates label with a minimum six-digit

numbering protocol. The number of digits in the label should consider the expected size of the production throughout litigation. A six-digit numbering protocol provides enough room for most cases. If an extraordinary amount of documents are expected to be produced, then additional digits should be considered at the start of litigation. Use underscores and hyphens instead of spaces in the Bates label. *Bates label example: DEF_000001*

- Documents designated as confidential pursuant to a protective order or stipulation should be clearly labeled as such to avoid inadvertent disclosure of confidential information.
- If documents are not being imaged and will be produced in native format only, each native file name should include a Bates number identification in lieu of a Bates label. Original file names and document metadata should be preserved and produced in the production load file.

**Databases and spreadsheets should be produced in native format**:

- Parties should confer prior to producing databases to reduce the burden on all parties. Databases may contain much irrelevant data and methods exist to control the output from databases. Conferring prior to production can reduce the amount of time and money spent to produce such data.
- All spreadsheets or databases created and maintained in Microsoft Excel or Microsoft Access should be produced in their native file formats (ie - .xls, .xlsx, .mdb, .csv).
- Any spreadsheets or databases created and maintained in any other format should be exported or converted to a Microsoft Excel, Microsoft Access format or a universal format such as a tab-delimited text file. Most proprietary database applications include exporting functions that provide these options.
- Native files should be named by their Bates number identification. Original file names and document metadata should be preserved and produced in the production load file.
- It is not necessary to convert spreadsheet and database files to .tiffs if they are produced in native format.
- Extracted text must be included in the load file for any documents produced in native format.
- The load file must link to the native files.

**Webpages**

- Parties should confer before producing webpages and files. While in most cases it is acceptable to print the content of web pages and extract the text for searchability, sometimes the user interface and design elements are relevant and the production format needs to be discussed. There are many ways to produce webpages: print, screenshot, active URLs that are password protected, active URLs that are not password protected, and more.

**Audio, Video and Other File Formats**

- Parties should confer prior to producing any audio and video files or any other file formats not specifically addressed above.

**Metadata Fields**

| FIELD NAME | DESCRIPTION |
| --- | --- |
| BEGDOC | The starting Bates number of the document |
| ENDDOC | The ending Bates number of the document |
| BEGATTACH | If the document is an attachment, this is the starting Bates number of the parent document (ie-the document it is attached to) |
| ENDATTACH | If the document is an attachment, this is the ending Bates number of the parent document |
| TO | **ESI ONLY -** The name of the recipient(s) |
| FROM | **ESI ONLY -** The name of the sender(s) |
| CC | **ESI ONLY -** The document is electronic mail or correspondence, the identity of the person or entity who received a copy |
| BCC | **ESI ONLY -** If the document is electronic mail or correspondence, the identity of the person or entity who received a blind copy |
| SENT | **ESI ONLY -** If the document is electronic mail or correspondence, the date the document was sent |
| RECEIVED | **ESI ONLY -** If the document is electronic mail or correspondence, the date the document was received |
| SUBJECT | **ESI ONLY -** The subject of the document, typically included with correspondence and memoranda |
| FILENAME | **ESI ONLY -** The original name of the native file |
| EXTENSION | **ESI ONLY -** The application extension of the native file, for example: .doc, .xls, .docx, .xlsx, .mdb, .txt |
| CREATEDATE | **ESI ONLY -** The date the document was created |
| LASTMODIFIED | **ESI ONLY -** The date the document was last modified |
| PAGECOUNT | **ESI ONLY -** The number of pages in the document |
| CUSTODIAN | The name of the custodian from whom the document was obtained |

| **MD5HASH** | **ESI ONLY -** The unique numerical identifier of the document |
|---|---|
| **NATIVEPATH** | **ESI ONLY** – The path within the load file structure to the native file, if a native file produced |
| **CONFIDENTIAL** | Whether or not the document is labeled designated as confidential pursuant to a protective order |

**Recommended and requested metadata fields are:**