# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:20-cv-6206 |
| Plaintiff, | ) ) | Judge Kness |
| v. | ) ) | Magistrate Judge Cole |
| AMERICAN SERVICE INSURANCE AGENCY LLC and BENEFYTT TECHNOLOGIES, INC., | ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

## NOTICE OF DEPOSITIONS

TO: Defendants and their counsel of record

DEPONENTS: Defendant American Service Insurance Agency, LLC, and Defendant Benefytt Technologies, Inc.

DATE/TIME: February 16, 2021, beginning at 9:00 a.m. CT/10:00 a.m. ET and continuing until completed.

LOCATION: Depositions to be taken remotely by videoconference, with a remote court reporter and the witness at the location of its choosing.

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, Plaintiff will take the deposition upon oral examination of the persons listed or described herein, or as the case may be topics identified. Fed.R.Civ.P. 30(b)(6) topic testimony shall be provided through a defendant's designated representative(s), regarding the matters described in Exhibit A, attached. Pursuant to Fed. R. Civ. P. 30(b)(6), each defendant is hereby directed to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify on its behalf as to such matters; it may set out the matters on which each person designated will testify. Plaintiff hereby request that Plaintiff's counsel be provided prompt notification in

writing of the name, employment capacity, and job title of each person so designated to testify and the subject matter(s) on which each person will testify.

Pursuant to Fed. R. Civ. P. 34, the deponent(s) shall bring with them, for the purpose of inspection, copying, and/or questioning, the complete records and documents relied upon by the deponent(s) to investigate and/or determine factual testimony, including all outstanding information and materials responsive to Plaintiff's discovery requests. The deposition will be taken upon oral examination before an officer authorized to administer oaths and will continue from day to day, Saturdays, Sundays, and holidays excepted, until completed. Testimony given during the deposition will be recorded by stenographic, audio recording and/or videographic means, and the deposition may be taken remotely, possibly by phone or videoconference.

Dated: January 6, 2021

By: */s/ Alexander H. Burke*
Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 6, 2021, I caused the foregoing to be served by electronic mail on Defendant's following counsel of record:

>Timothy Hudson
>Tabet DiVito & Rothstein LLC
>The Rookery Building
>209 South LaSalle St., 7th Floor
>Chicago, IL 60604
>(312) 371-3757 Mobile
>THudson@TDRLawFirm.com
>
>Garry W. O'Donnell, Esq.
>Greenspoon Marder
>One Boca Place
>2255 Glades Road, Suite 400-E
>Boca Raton, FL 33431
>Telephone: (561) 994-2212 ext. 1567
>garry.odonnell@gmlaw.com

                   */s/ Alexander H. Burke*

**EXHIBIT A**

1. Unless otherwise indicated, the relevant time period for the purposes of this Notice of Deposition is from four years prior to the date of filing of this action to the present. As used throughout this Notice of Deposition, the following terms have the following indicated meanings:

2. The term "document" or "documents" as used herein shall refer to all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or reproduced or archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all electronically stored information.

3. "Electronically stored information" ("ESI") as used herein means any electronic document or written communication and includes, without limitation, the following:

   a. Activity listings of electronic mail receipts and/or transmittals;

   b. Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

   c. Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle,

Nook or other device. Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI.

4. "Database" or "databases" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

5. Variations of "you" means each defendant, and includes, without limitations, any offices and locations of either defendant, as well as any of its divisions, affiliates, subsidiaries, parents, successors, predecessors, and present or former partners, and any of their officers, directors, executives, managers, administrators, employees, agents, contractors, fiduciaries, attorneys, or representatives.

6. "Plaintiff" means Plaintiff George Moore.

7. "Person" or "persons" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

8. "Policy" or "policies" means any instruction(s), practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by you.

9. "Third party" or "third parties" or "other party" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you, or any person that does not receive an annual salary from you, including, but

not limited to, affiliates, agents, subsidiaries of you.

10. "Third-Party Vendor" means any third party involved in or that provided any service relating to the calling and business generation activities through which Plaintiff or other class members were called, and includes, without limitation, dialer or telephony service providers, lead generators, telemarketers, and data storage or management service providers.

11. References to any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, any offices and locations of that entity, as well as any of its divisions, affiliates, parents, subsidiaries, successors, predecessors, present or former partners, officers, directors, executives, managers, administrators, employees, agents, contractors, fiduciaries, attorneys, or representatives.

12. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

13. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense, and "and" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

**RULE 30(b)(1) PERSONS**

1. Bryan Krul;
2. Karen Sanchez;
3. The person(s) who use or monitor plaskowski@hiiquote.com.