IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) v. ) ) AMERICAN SERVICE INSURANCE AGENCY LLC and BENEFYTT TECHNOLOGIES, INC., ) ) ) ) ) Defendants. ) | Case No. 1:20-CV-06206 Honorable John F. Kness Magistrate Judge Jeffrey Cole |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY REQUESTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the proposed Order Regarding the Schedule for Jurisdictional Discovery and Briefing on Defendants' Motion to Dismiss jointly submitted on January 28, 2021, Defendants, American Service Insurance Agency LLC and Benefytt Technologies, Inc., hereby respond and/or object to Plaintiff's First Set of Discovery Requests dated January 6, 2021 (the "Request"):

**INTRODUCTION**

Plaintiff, George Moore ("Plaintiff"), asserts claims in his Complaint under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*., against Defendants, American Service Insurance Agency, LLC ("ASIA") and Benefytt Technologies, Inc. ("Benefytt"), alleging they made several calls to his residential phone in violation of the do not call provisions of the TCPA. (Dkt. No. 1.) Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (the "Motion"). (Dkt. No. 16.) First, Defendants argue that the Court does not

possess either general or specific jurisdiction over Defendants because neither ASIA nor Benefytt is "at home" in Illinois and Plaintiff's claims do not arise from Defendants' contacts with Illinois. Second, Defendants argue the Court does not have jurisdiction over Defendants to certify a nationwide class.

Defendants submitted the Declaration of Bryan Krul, Senior Vice President of Benefytt's operating subsidiary, in support of their Motion. (*See* Dkt. No. 16-1.) In support of the absence of specific personal jurisdiction, Mr. Krul explains that none of the three telephone numbers from which Plaintiff alleges to have received the calls that are the basis of the Complaint are assigned to, or used by, Benefytt or ASIA.

Plaintiff seeks to conduct jurisdictional discovery and served a number of discovery requests on Defendants, including Plaintiff's First Set of Discovery Requests attached as Exhibit "A" to this Response. It is within a court's discretion to permit jurisdictional discovery. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). At a minimum, the plaintiff must establish a prima facie showing of personal jurisdiction before discovery will be permitted. *Id*. A plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction. *See Central States*, 230 F.3d at 946; *The Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F.Supp.2d 775, 782-83 (N.D. Ill. 2009).

Plaintiff has not submitted any affidavit or other record evidence to support his personal jurisdiction allegations. Nonetheless, Defendants offered to make Mr. Krul available for a deposition on the statements in his Declaration regarding the numbers associated with the accused calls, and to produce any documents he may have relied upon with respect to these statements. The parties were unable to agree on the scope of Mr. Krul's deposition.

The Request invokes Rules 33 and 34. However, the Request only contains seven categories of documents for production. Other than documents Mr. Krul may have relied upon regarding his statements about the telephone numbers alleged in the Complaint, the seven broad categories of documents are not reasonably related to, or proportional to needs for discovery on the personal jurisdiction issue.

**RESPONSES AND OBJECTIONS**

1. Produce all documents, data or other things reviewed by Mr. Krul with regard to his declaration at ECF 16-1.

**Response:** Documents Mr. Krul may have relied upon in making the statements in his Declaration regarding the telephone numbers associated with the calls alleged in the Complaint will be produced. Defendants also object to this request to the extent it is intended to be broader on the grounds that it thereby seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

2. Produce all records of telephone calls, including outbound, inbound, transferred calls, to, from or transferred to or from [Plaintiff's Number], during October 2018 through November 2019.

**Response:** None for the calls alleged in the Complaint. Defendants also object to the term "transferred" on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

3. Produce all documents concerning George Moore, Randal Simpson, [Plaintiff's Number]  or [Plaintiff's Email]

3

**Response:** Defendants object to this request on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

4. Produce all contracts or agreements with any entity concerned with assisting generation of the business referred to in <u>Exhibit A</u> to the complaint, which were in effect from October 2018 through November 2019.

**Response:** Defendants object to this request on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

5. Produce all communications with the entity from whom the lead in Exhibit A to the complaint was received, that pertain to telemarketing.

**Response:** Defendants object to this request on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

6. Produce all Do Not Call policies that applied to the person who initiated the calls delineated in paragraphs.

**Response:** Defendants object to this request on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture.

7. All documents that mention or concern phone number 855-787-8595.

**Response:** Defendants object to this request on the grounds that it seeks information that is not relevant to the personal jurisdiction issue and not proportional to the needs of the case at this juncture. Defendants have confirmed that this telephone number is used by ASIA.

Dated: February 5, 2021    Respectfully submitted,

                                                  AMERICAN SERVICE INSURANCE AGENCY LLC AND BENEFYTT TECHNOLOGIES, INC.

                                                  By:    /s/ Timothy A. Hudson
                                                                                     One of Its Attorneys

Timothy A. Hudson
TABET DIVITO & ROTHSTEIN, LLC
209 South LaSalle St., Ste. 700
Chicago, IL 60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com
ARDC No. 6271244

        -and-

Garry W. O'Donnell
garry.odonnell@gmlaw.com
Admitted *Pro Hac Vice*
Sherine Marder
Admitted *Pro Hac Vice*
sherine.marder@gmlaw.com
GREENSPOON MARDER LLP
2255 Glades Rd., Suite 400E
Boca Raton, FL 33431

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-mail, this 5th day of February, 2021, to Alexander H. Burke, aburke@burkelawllc.com, and Daniel J. Marovitch, dmarovitch@burkelawllc.com, *Counsel for Plaintiff*.

/s/ Timothy A. Hudson