IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMERICAN SERVICE INSURANCE AGENCY LLC and BENEFYTT TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 1:20-CV-06206<br><br>Honorable John F. Kness<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF DEPOSITIONS**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, and the proposed Order Regarding the Schedule for Jurisdictional Discovery and Briefing on Defendants' Motion to Dismiss jointly submitted on January 28, 2021, Defendants, American Service Insurance Agency LLC and Benefytt Technologies, Inc., hereby submit their response to Plaintiff's Notice of Deposition dated January 6, 2021 (the "Notice"):

**INTRODUCTION**

Plaintiff, George Moore ("Plaintiff"), asserts claims in his Complaint under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*., against Defendants, American Service Insurance Agency, LLC ("ASIA") and Benefytt Technologies, Inc. ("Benefytt"), alleging they made several calls to his residential phone in violation of the do not call provisions of the TCPA. (Dkt. No. 1.) Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (the "Motion"). (Dkt. No. 16.) First, Defendants argue that the Court does not

possess either general or specific jurisdiction over Defendants because neither ASIA nor Benefytt is "at home" in Illinois and Plaintiff's claims do not arise from Defendants' contacts with Illinois. Second, Defendants argue the Court does not have jurisdiction over Defendants to certify a nationwide class.

Defendants submitted the Declaration of Bryan Krul, Senior Vice President of Benefytt's operating subsidiary, in support of their Motion. (*See* Dkt. No. 16-1.) In support of the absence of specific personal jurisdiction, Mr. Krul explains that none of the three telephone numbers from which Plaintiff alleges to have received the calls that are the basis of the Complaint are assigned to, or used by, Benefytt or ASIA.

Plaintiff seeks to conduct jurisdictional discovery and served a number of discovery requests on Defendants, including a Notice of Depositions attached as Exhibit "A" to this Response. It is within a court's discretion to permit jurisdictional discovery. *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). At a minimum, the plaintiff must establish a prima facie showing of personal jurisdiction before discovery will be permitted. *Id.* A plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction. *See Central States*, 230 F.3d at 946; *The Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F.Supp.2d 775, 782-83 (N.D. Ill. 2009).

Plaintiff has not submitted any affidavit or other record evidence to support his personal jurisdiction allegations. Nonetheless, Defendants offered to make Mr. Krul available for a deposition on the statements in his Declaration regarding the numbers associated with the accused calls, and to produce any documents he may have relied upon in making those statements. The parties were unable to agree on the scope of Mr. Krul's deposition.

2

**RESPONSES AND OBJECTIONS**

The Notice invokes Rules 30(b)(1) and 30(b)(6). However, "no matters for examination" are described as required by Rule 30(b)(6). The Notice also identifies three individuals as Rule 30(b)(1) deponents: Bryan Krul; Karen Sanchez; and the person using the email address plaskowski@hiiquote.com. Other than a deposition limited in scope to Mr. Krul's statements about the telephone numbers alleged in the Complaint, these individual depositions are not reasonably related to, or proportional to the needs for discovery on the personal jurisdiction issue.

Defendants confirmed for Plaintiff the call back number provided by Ms. Sanchez is one for ASIA. (Dkt. No. 1 at ¶ 33.) There are no allegations that she made any calls. The person associated with the email moniker (Precilla Laskowski) is no longer with the company and there are no personal jurisdiction allegations involving her. (Dkt. No. 1 at ¶ 42.) Thus, other than a deposition of Mr. Krul to the limited personal jurisdictional issues raised in his Declaration, the individuals identified in Plaintiff's Rule 30(b)(1) Notice are not relevant to the personal jurisdiction issue or proportional to the needs of the case at this juncture.

Dated: February 5, 2021

Respectfully submitted,

AMERICAN SERVICE INSURANCE AGENCY LLC AND BENEFYTT TECHNOLOGIES, INC.

By: /s/ Timothy A. Hudson
     One of Its Attorneys

Timothy A. Hudson
TABET DIVITO & ROTHSTEIN, LLC
209 South LaSalle St., Ste. 700
Chicago, IL 60604
Phone: 312-762-9476
Fax: 312-762-9451
thudson@tdrlawfirm.com

ARDC No. 6271244

-and-

Garry W. O'Donnell
garry.odonnell@gmlaw.com
Admitted *Pro Hac Vice*
Sherine Marder
Admitted *Pro Hac Vice*
sherine.marder@gmlaw.com
GREENSPOON MARDER LLP
2255 Glades Rd., Suite 400E
Boca Raton, FL 33431

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-mail, this 5th day of February, 2021, to Alexander H. Burke, aburke@burkelawllc.com, and Daniel J. Marovitch, dmarovitch@burkelawllc.com, *Counsel for Plaintiff*.

/s/ Timothy A. Hudson