**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of others similarly situated,<br>         Plaintiff,<br><br>v.<br><br>AMERICAN SERVICE INSURANCE AGENCY LLC and BENEFYTT TECHNOLOGIES, INC.,<br>         Defendants. | Case No. 1:20-cv-06206<br><br>Hon. Judge John F. Kness<br>Hon. Mag. Judge Jeffrey Cole |

### DECLARATION OF ALEXANDER H. BURKE

I, Alexander H. Burke, hereby declare as follows:

1. I represent Plaintiff George Moore in the above-referenced case. I have personal knowledge of the facts detailed herein, and could testify competently thereto if called to do so.

2. At the suggestion of defense counsel, I served Plaintiff's jurisdictional discovery requests and a notice of depositions on Defendants American Service Insurance Agency LLC and Benefytt Technologies, Inc. through counsel on January 6, 2021. Defense counsel provided written responses to the requests and notice on February 5, 2021, but did not produce any responsive documents or agree to the depositions as noticed.[1]

3. Counsel for the parties extensively met-and-conferred concerning jurisdictional discovery in this case, including through a call between defense counsel Tim Hudson, Garry O'Donnell, and Sherine Marder, and my associate Dan Marovitch and myself, beginning at around 11:00 a.m. CT on January 8, 2021, a call between the same attorneys for approximately

---

[1] True and correct copies of Plaintiff's production requests and notice of depositions are attached to Plaintiff's motion as Exhibits A and B. Except for the reattached requests and notice, true and correct copies of Defendants' respective responses are attached to Plaintiff's motion as Exhibits C and D.

an hour beginning at about 4:30 p.m. CT on February 11, 2021, and by email.

4.   During the call on February 11, 2021, defense counsel conceded that they did not have their clients look for responsive materials and therefore did not know the extent to which responsive materials even existed—if at all. Defense counsel refused to state – or did not know – whether any responsive materials were being withheld based upon objections. And when I explained that I wanted to confer to try to address the burden component of Defendants' proportionality objections, defense counsel refused to engage substantively, and instead deflected, attacking the *prima facie* case or with condescending remarks to me personally.[2]

5.   For instance, as to Request for Production No. 1's request for materials reviewed by Bryan Krul with regard to his declaration that serves as the basis for Defendants' motion to dismiss, *see* Dkt. 16-1, defense counsel Garry O'Donnell first began explaining that there was some sort of "process" that Krul purportedly used to verify the facts in his declaration. However, defense counsel Tim Hudson then took over the discussion from his colleague, and stated that Mr. Krul reviewed no documents at all. Defense counsel refused to elaborate when pressed as part of the meet-and-confer. And as to Request for Production No. 2's request for records of calls involving Plaintiff, Mr. Hudson refused to say whether Defendants withheld any information based upon their objection to producing documents for "transferred" calls.

6.   The meet meet-and-confer discussions with defense counsel in this case have been drawn-out and circular, and at times become troublesome and personal. Plaintiff's counsel has asked that the parties' meet-and-confer calls be recorded, to document the parties' exchanges. Defense counsel refused, claiming recordings are unnecessary.

---

[2]   Paraphrasing, during the telephonic meet-and-confer, Mr. Hudson repeatedly made comments like, "I can't help it if you're not capable of crafting appropriate requests" or "I'm not doing your job for you."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2021, in Evanston, Illinois.

                                                           */s/ Alexander H. Burke*